IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01970-BNB

ROY ALBERT KAHN,

    Applicant,

v.

CHARLES DANIELS,

    Respondent.

---

ORDER DISMISSING CASE

---

    Applicant, Roy Albert Kahn, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On July 30, 2012, Magistrate Judge Boyd N. Boland entered an order directing Respondent to file a Preliminary Response and address the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise this defense. Respondent filed a Response on August 16, 2012, and argued the action should be dismissed because Mr. Kahn had failed to exhaust his administrative remedies. Subsequently, on September 7, 2012, Respondent filed a Motion to Dismiss and Mr. Kahn filed a Motion to Dismiss Case. Respondent and Mr. Kahn agree that because he was released from prison on August 31, 2012, the action is moot.

    The Court must construe the Motion liberally because Mr. Kahn is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In the Motion, Mr. Kahn requests that the Court dismiss

this action because he no longer is incarcerated and the relief he requests does not affect his supervised release.

Rule 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer on the merits or motion for summary judgment has been filed by Respondent in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i).  The file will be closed as of September 7, 2012, the date the Notice was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Kahn files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion to Dismiss Case, ECF No. 12, is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of September 7, 2012, the date Mr. Kahn filed the Notice in this action.  It is

FURTHER ORDERED that Respondent's Motion to Dismiss as Moot Pursuant to Fed. R. Civ. P. 12(b)(1), ECF No. 11, is denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   12th   day of      September      , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court